Joyce M. DESPAIN, Plaintiff and Appellant,

v.

Robert V. DESPAIN, individually and as general partner of R & D Investment Co.; and as general partner of Despain Investment Co.; R & D Investment Co., a limited partnership; and Despain Investment Co., a limited partnership, Defendants and Respondents.

No. 18402.

Supreme Court of Utah.

May 1, 1984.

J. Thomas Green, Bradley E. Morris, Salt Lake City, for plaintiff and appellant.

David S. Dolowitz, Salt Lake City, for defendants and respondents.

**CHRISTOFFERSEN, District Judge:**

Plaintiff appeals the district court's order dismissing her complaint with prejudice pursuant to the doctrine of res judicata. We reverse and remand for further proceedings.

We assume the plaintiff's allegations to be true in reviewing the dismissal of the complaint and liberally construe all reasonable inferences arising therefrom in determining whether a claim for relief has been stated. *Heathman v. Hatch*, 13 Utah 2d 266, 372 P.2d 990 (1962); *St. Pierre v. Edmonds*, Utah, 645 P.2d 615 (1982).

The complaint is a lengthy one and contains eight separate claims alleging that Robert Despain, defendant, committed a series of fraudulent and otherwise wrongful actions from 1974 to 1979 that were

part of a long-term scheme by him to transfer the parties' "Cottonwood Property" to his own name through trickery and deception.

The complaint alleges that on August 24, 1958, the plaintiff and defendant were married and thereafter had three children. In 1968 and 1969, the plaintiff and defendant obtained an undivided joint interest in certain real property in Salt Lake County known as the "Cottonwood Property."

The following allegations are then made: On or about May 1, 1970, the plaintiff and defendant agreed to form a family partnership with certain properties, including the "Cottonwood Property," to be transferred into the partnership. The property transferred into the partnership would be owned and held in the family partnership for tax purposes and mutual benefits including the education, well-being of and ultimate transfer to the children. The plaintiff agreed to this request of the defendant's, and on June 1, 1970, Despain Investment Company was formed as a limited partnership with Robert V. Despain as the general partner and Joyce M. Despain and the children as limited partners. Robert and Joyce Despain have five percent of the profits, and the three children have thirty percent each.

It is further alleged that before any transfers of real property occurred the plaintiff and defendant experienced marital problems and developed mutual distrust and animosity. Periods of separation occurred between 1971 and 1974. Reconciliation was attempted in the summer of 1974, and on October 4, 1974, at the request of the defendant and under his inducement, the plaintiff executed a consent document that defendant said would have the effect of facilitating the transfer of all the aforesaid "Cottonwood Property" into the family partnership, Despain Investment Company. Robert Despain also represented to the plaintiff that all of their interests in the aforesaid "Cottonwood Property" had been transferred to and were owned and held by Despain Investment Company. The complaint alleges this representation to be false. In 1975, the parties again separated, and they were divorced on November 24, 1976.

The complaint also alleges that the defendant represented that the name of the family partnership had been changed from Despain Investment Company to R & D Investment Company and that Despain Investment Company was also known as R & D Investment Company. The plaintiff alleges this was false.

As part of the divorce proceedings, the parties entered into a property settlement agreement in which the plaintiff agreed to sign a release and waiver of all personal claims in the family partnership known as R & D Investment Company and further executed a quitclaim deed, waiver and release in favor of R & D Investment Company.

The complaint alleges that the defendant made the following representations to the plaintiff:

1. Despain Investment Company was created as a family limited partnership for mutual benefits, including the benefit of the children of the plaintiff and defendant.

2. The family partnership's name had been changed from Despain Investment Company to R & D Investment Company.

3. R & D Investment Company was the same family partnership that had been organized under the name of Despain Investment Company.

4. At all times prior to the entry of the divorce decree on November 24, 1976, the plaintiff had and possessed the capital interest equal to the capital interest of defendant in the family limited partnership R & D Investment aka Despain Investment Company.

5. Prior to execution of the property settlement agreement and divorce decree on November 24, 1976, the plaintiff and defendant had already relinquished their jointly held interest in the "Cottonwood Property."

6. The "Cottonwood Property" had been transferred into the family-held partnership known as R & D Investment Com-

pany prior to execution by plaintiff on November 24, 1976, of the quitclaim deed and waiver of release.

7. Prior to plaintiff's execution of the quitclaim deed, waiver and release on November 24, 1976, R & D Investment Company held title to the "Cottonwood Property," upon which it would execute a trust deed encumbering said property.

8. Notwithstanding relinquishment by plaintiff of her claims and interest in the family limited partnership by reason of the execution of a quitclaim, waiver and release pursuant to the divorce decree and property settlement agreement in November 24, 1976, the "Cottonwood Property" would continue to be held by the family partnership for the benefit of the children of the parties.

The complaint alleges that each and all of the aforesaid representations were and are false.

The complaint further alleges that after the divorce, in February 1979, the defendant, as a sole general partner of Despain Investment Company, conveyed all existing interests in the "Cottonwood Property" from Despain Investment to R & D Investment Company, and that in July 1979, he conveyed as general partner of R & D Investment Company all of the said entities' interest to himself personally and individually.

The complaint in its first claim for relief alleges that the above-mentioned allegations show a breach of the agreement between defendant and plaintiff, and plaintiff did not discover the breach until some time early in 1980 because of concealment by the defendant.

In the second claim for relief, the plaintiff claims all of the above acts constitute actionable fraud and that the court should order an appropriate division of the property, rights and interests of the parties in the "Cottonwood Property" and Despain Investment.

A third claim for relief alleges the above representations amount to constructive fraud because of the trust and confidence and fiduciary relationship that existed between the plaintiff and the defendant.

Also a fourth claim for relief claims a breach of fiduciary duty because of the above-alleged facts.

A fifth claim for relief based on the same facts is based on a claim of negligent misrepresentation.

A sixth claim for relief based on the same facts is based on a violation of the Utah Limited Partnership Statute, U.C.A., 1953, § 48–2–9.

The seventh claim for relief claims a fraudulent conveyance from Despain Investment Company, and the eighth claim for relief claims a fraudulent conveyance from the R & D Investment Company by Despain.

The complaint also seeks punitive damages and attorney fees.

■ It is the defendant's contention that the trial court correctly dismissed the complaint with prejudice because all the questions had been litigated and settled in the divorce action. It is true that the second cause of action in the proposed second amended divorce complaint specifically alleged fraud and a breach of fiduciary duty. However, the record reflects that the plaintiff's motion seeking to amend the complaint was denied. Since the second amended divorce complaint was only a proposed complaint and the motion to allow it was denied, its allegations were never litigated, so they could have no res judicata effect. In addition, all the wrongful conveyances alleged in the present case occurred after the proposed second amended divorce complaint.

■ Rule 60(b) authorizes the trial court on motion to relieve a party from a final judgment or decree procured by fraud, but only if the motion is made within three months after judgment. However, this does not limit the power of the court to entertain an independent action. *St. Pierre v. Edmonds, supra.* Therefore, we hold that the complaint states a cause for

an independent action on the ground of fraud.

 Defendant further challenges the appeal on the basis that plaintiff's action is nothing more than an attempt to continue litigation which has been before this Court on three occasions since the entry of the decree. *Citing Despain v. Despain*, Utah, 610 P.2d 1303 (1980); *Despain v. Despain*, Utah, 627 P.2d 526 (1981); and *Despain v. Despain*, No. 18021, resolved by summary affirmance of the trial court on November 23, 1981. A review of these three cases shows that they had nothing to do with the issues raised here. The first case dealt with child support matters and a trust fund for the children's education. The second case involved defendant's appeal of a denial of his motion to modify his child support obligations, and the third case was defendant's appeal of an order enforcing his obligations to pay for his daughter's tuition and books. None of the matters raised in those cases can have any conceivable res judicata effect in this case.

 This Court ruled in *Boyce v. Boyce*, Utah, 609 P.2d 928 (1980), that the trial court abused its discretion in refusing to allow a wife a hearing on a motion to set aside a divorce decree on the ground of fraud since it appeared the assets of the parties might have actually been more than five times the amount disclosed by the husband at the time of the settlement agreement. In this case, the plaintiff's complaint alleges a fraudulent transfer of the "Cottonwood Property" to the defendant, which property the defendant valued at around $200,000 at the time of the divorce proceedings and which the plaintiff alleges is now worth around $2,000,000. Further, in *St. Pierre v. Edmonds, supra*, this Court completely abandoned the distinction between intrinsic and extrinsic fraud. As this Court stated in *McBride v. Jones*, Utah, 615 P.2d 431 (1980):

> [W]here ... there is a substantial likelihood that the proof may show that a party was so cheated, imposed upon, or unfairly dealt with that it should shock the conscience of the court to allow it to stand, the court should resolve doubts in favor of permitting the parties to present their evidence and have the issues determined.

Since the wrongful acts set forth in the complaint were alleged to have occurred before, during and after the divorce adjudication, the doctrine of res judicata has no application in this situation. Since the plaintiff's allegations of fraud state a claim upon which relief could be granted, the case is reversed and remanded for further proceedings. Costs awarded to plaintiff.

OAKS, HOWE and DURHAM, JJ., concur.

HALL, C.J., having disqualified himself, does not participate herein; CHRISTOFFERSEN, District Judge, sat.

STEWART, J., does not participate herein.