**2018 UT App 128**

## THE UTAH COURT OF APPEALS

FABIOLA CARMONA,
Appellant,
*v.*
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,
Appellee.

Opinion
No. 20160475-CA
Filed June 28, 2018

Third District Court, Salt Lake Department
The Honorable Royal I. Hansen
No. 150906577

Daniel F. Bertch, Attorney for Appellant

Andrew D. Wright and Jennifer R. Carrizal,
Attorneys for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES GREGORY K. ORME and KATE A. TOOMEY concurred.

CHRISTIANSEN, Judge:

¶1     Appellant Fabiola Carmona appeals from the district
court's grant of Travelers Casualty Insurance Company of
America's (Travelers) motion to dismiss. We affirm.

### BACKGROUND

¶2     Carmona sued Badger Creek Associates LLC (Badger
Creek) for personal injuries she sustained when she slipped and

fell on ice in a common stairway at the Badger Creek Apartments in Salt Lake City.[1]

¶3 Badger Creek carried liability insurance through Travelers. The insurance policy included an indemnity provision (the Coverage C provision), which stated that Travelers would "pay medical expenses" up to $5,000 "for 'bodily injury' caused by an accident" on Badger Creek's premises and that it would "make these payments regardless of fault." This provision explicitly excluded payments to "any insured."

¶4 When Carmona learned of this provision, she moved to amend her complaint to add Travelers as an additional defendant. In her proposed amended complaint, Carmona alleged that "Travelers owed [her] a contractual duty to pay medical bills" for her injuries, that Travelers knew about her injuries and had "failed to disclose the coverage to [her]," and that Travelers had "failed to pay those [medical] bills, without justification." The district court found that Carmona's motion to amend was futile and denied the motion. Specifically, the court determined that "Utah case law is *clear* regarding parties seeking to sue a tortfeasor's insurer" and that "'a plaintiff *must* direct his action against the actual tortfeasor, not the [tortfeasor's] insurer.'" (Alteration in original) (quoting *Campbell v. Stagg*, 596 P.2d 1037, 1039 (Utah 1979)).

¶5 Thereafter, Carmona filed a second lawsuit against Travelers alone.[2] Carmona claimed that, because she suffered

---

1. Badger Creek is not a party to this case.

2. Judge William W. Barrett presided over the portions of the suit between Carmona and Badger Creek relevant to our review. Judge Royal I. Hansen presided over the suit between Carmona and Travelers.

bodily injury as a result of the accident on Badger Creek's premises, she was "a third-party or intended beneficiary" under the Coverage C provision. According to Carmona, "Travelers owed [her] a contractual duty to pay medical bills" for her injuries, and "Travelers had refused to investigate and/or pay the claim." Carmona also asserted that Travelers had breached the Coverage C provision and the implied covenant of good faith and fair dealing "by failing to investigate or pay the claim."

¶6    Travelers moved to dismiss for failure to state a claim upon which relief could be granted, *see* Utah R. Civ. P. 12(b)(6), arguing that Carmona's claims were barred by res judicata and that Carmona lacked standing to pursue claims for breach of contract and breach of the implied covenant of good faith and fair dealing because she was not a party to the insurance contract. The district court granted Travelers' motion, finding that Carmona "is not an intended third-party beneficiary to the insurance contract between Travelers and Badger Creek." The court stated that "there is no statute and nothing about the insurance contract that would give [Carmona] privity of contract and standing to sue Travelers directly." In addition, the court granted Travelers' motion on res judicata grounds, finding that "the elements of claim[] preclusion and issue preclusion have been met in this case."

¶7    Carmona now appeals from the district court's grant of Travelers' motion to dismiss.

ISSUES AND STANDARDS OF REVIEW

¶8    Carmona raises two issues on appeal. First, she contends that the district court erred when it ruled that her claims against Travelers were barred by res judicata. Second, Carmona contends that the district court erred when it ruled that she was not an intended third-party beneficiary to the insurance contract

between Travelers and Badger Creek. Because we agree with the district court that Carmona was not an intended third-party beneficiary to the contract, we need not rule on the district court's resolution of the res judicata issue.[3]

¶9     We review the grant of a motion to dismiss for correctness, giving no deference to the district court's decision.

---

3. At first blush, the district court's res judicata analysis does seem problematic. *See generally Snyder v. Murray City Corp.*, 2003 UT 13, ¶¶ 33–35, 73 P.3d 325 (setting forth the elements of claim preclusion and issue preclusion, sometimes collectively referred to as res judicata). Carmona filed the first lawsuit against Badger Creek. Thus, when Judge Barrett denied Carmona's motion to amend her complaint to add Travelers as an additional defendant, the case remained against Badger Creek alone. Although Judge Barrett "addressed the potential merit" of Carmona's proposed breach of contract claim against Travelers in explaining his denial of the motion to amend, "the court did not, and could not, adjudicate claims that were not actually before it." *See Fox v. Brigham Young Univ.*, 2005 UT App 411U, para. 4 (per curiam); *see also Hiltsley v. Ryder*, 738 P.2d 1024, 1025 (Utah 1987) (stating the "general principle that a trial court may not render judgment in favor of a nonparty" and that "[c]ourts can generally make a legally binding adjudication only between the parties actually joined in the action"). Because Carmona's amended complaint was only a proposed complaint and the motion to allow it was denied, "its allegations [against Travelers] were never litigated, so they could have no res judicata effect." *See Despain v. Despain*, 682 P.2d 849, 852 (Utah 1984); *see also Fox*, 2005 UT App 411U, para. 4 ("Denial of a motion to amend the complaint to add new claims and new parties to the case is not a ruling on the merits of those unfiled claims or the liability of those nonparties.").

*Lilley v. JP Morgan Chase*, 2013 UT App 285, ¶ 4, 317 P.3d 470. "In determining whether the district court properly granted [the defendant's] motion to dismiss, we must accept the factual allegations in the complaint as true and consider all reasonable inferences to be drawn from those facts in a light most favorable to [the plaintiff]." *Id.* (quotation simplified).

ANALYSIS

¶10 Carmona contends that she "is a third party beneficiary of Coverage 'C' of the Travelers insurance policy" and that Travelers was therefore required "to pay [her] medical bills directly." "Third-party beneficiaries are persons who are recognized as having enforceable rights created in them by a contract to which they are not parties and for which they give no consideration." *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 2001 UT 54, ¶ 47, 28 P.3d 669 (quotation simplified). "The existence of third party beneficiary status is determined by examining a written contract." *Wagner v. Clifton*, 2002 UT 109, ¶ 11, 62 P.3d 440 (quotation simplified). "For a third party to have enforceable rights under a contract, the intention of the contracting parties to confer *a separate and distinct benefit* upon the third party must be clear." *SME Indus.*, 2001 UT 54, ¶ 47 (quotation simplified); *see also Wagner*, 2002 UT 109, ¶ 11 ("The written contract must show that the contracting parties clearly intended to confer a separate and distinct benefit upon the third party." (quotation simplified)).

¶11 Carmona relies on case law from several other jurisdictions to assert her right to sue Travelers directly. Indeed, other jurisdictions have determined that plaintiffs in Carmona's position may qualify as third-party beneficiaries to insurance contracts. *See, e.g., Donald v. Liberty Mutual Ins. Co.*, 18 F.3d 474, 481 (7th Cir. 1994).

¶12    However, that proposition is not consistent with Utah law on the subject. Under Utah law, "it is not enough that the parties to the contract know, expect or even intend that others will benefit from the contract. The contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear." *SME Indus.*, 2001 UT 54, ¶ 47 (quotation simplified). "[A] party only incidentally benefitted has no right to recover under the contract." *Id.*

¶13    Carmona is not explicitly mentioned in the contract and, consequently, falls into a very broad class of people that may be incidentally benefited from the contract. And, importantly, there is nothing in the Coverage C provision affirmatively suggesting that Travelers and Badger Creek intended that the contract directly benefit people injured on Badger Creek's property. Rather, the provision provides for limited coverage in favor of Badger Creek for certain small claims. *Cf. Ron Case Roofing & Asphalt Paving, Inc. v. Blomquist*, 773 P.2d 1382, 1387 (Utah 1989) (distinguishing between a provision that benefited a distinct and limited class of people and a general indemnity provision). Specifically, the Coverage C provision is an indemnity provision through which Travelers promises to compensate Badger Creek for the payment of up to $5,000 in medical expenses paid on behalf of individuals injured on Badger Creek's premises. Pursuant to the policy, "[Travelers] will pay those sums that [Badger Creek] becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." While injured parties may be indirectly benefited by this provision, the provision is intended to benefit Badger Creek, not the unknown potential plaintiffs. *Cf. Broadwater v. Old Republic Surety*, 854 P.2d 527, 537 (Utah 1993) (explaining that a lost instruments bond was "intended to safeguard and indemnify" the obligee stockbroker, not to protect third parties "from purchasing a stock certificate that has been reported lost or stolen"). Indeed, "run-of-the-mill indemnity and

hold harmless provisions, without more, are insufficient to show an intent to benefit nonparties to the contract and, therefore, do not give rise to third-party beneficiary rights." *Ron Case*, 773 P.2d at 1387.

¶14   Carmona asserts that the Coverage C provision cannot be read as merely an indemnification clause, because it provides for payment regardless of the insured's fault. *See Donald*, 18 F.3d at 481. While "other language or facts may indicate an intention to benefit third parties," our supreme court has declined to infer such an intention "from the usual indemnity language alone." *See Ron Case*, 773 P.2d at 1387 (holding that a provision in which one contracting party assumed the other's indebtedness created "enforceable third-party beneficiary rights in the debtor's creditors" but that a standard indemnification clause did not). Rather, the standard under Utah law is whether the contract "affirmatively" demonstrates a "clear" intention to directly benefit the plaintiff. *SME Indus.*, 2001 UT 54, ¶ 47. The fact that the Coverage C provision provides for payment regardless of fault does not affirmatively demonstrate the parties' clear intention to benefit individuals injured on Badger Creek's premises. Instead, the provision helps Badger Creek avoid costly litigation by allowing for hassle-free payment of small claims regardless of its fault, with the prospect of reimbursement or partial reimbursement from Travelers. Thus, the purpose of the provision based on the plain language of the contract is to indemnify Badger Creek.

¶15   Carmona also asserts that Travelers violated its duty of good faith and fair dealing by denying her claim. The district court does not appear to have directly addressed this claim, but we nevertheless conclude that it fails as a matter of law. "Utah law clearly limits the duty of good faith to first parties to insurance contracts. Consequently, only a first party can sue for breach of that duty." *Sperry v. Sperry*, 1999 UT 101, ¶ 7, 990 P.2d 381; *accord Cannon v. Travelers Indem. Co.*, 2000 UT App 10, ¶ 21

& n.3, 994 P.2d 824 (observing that Utah case law is clear that third-party beneficiaries to an insurance contract are not owed a duty of good faith and fair dealing). Carmona does not assert that she is a "first-party insured" under the insurance contract; thus, she has no basis for asserting that Travelers owed her a duty of good faith and fair dealing. And even if Carmona were a third-party beneficiary to the contract, she would still not be owed a duty of good faith and fair dealing. *See Cannon*, 2000 UT App 10, ¶ 21 & n.3.

CONCLUSION

¶16 Because we determine that Carmona is not an intended third-party beneficiary to the contract between Badger Creek and Travelers, we agree with the district court that she has failed to state a claim for breach of the contract terms or breach of the covenant of good faith and fair dealing. Accordingly, we affirm the district court's dismissal.

_____