NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE ALIRE, | No. 21-55752 |
| Plaintiff-Appellee, | D.C. No. 8:20-cv-01203-JWH-DFM |
| and | |
| SHADI HAYDEN; JERRY HO; WILLIAM HANNUM; OLGA MARYAMCHIK; CAROL JULIAN-MOYE; JACQUELINE SMITH; VICTORIA CARUSO-DAVIS; MICHAEL MURPHY; CAROL LLOYD; SUSANA GUEVARA; SEAN FREDERICK; ERIC GILBERT, individually and on behalf of all others similarly situated, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| THE GAP, INC., | |
| Defendant-Appellant, | |
| and | |
| THE RETAIL EQUATION, INC.; SEPHORA USA, INC.; ADVANCE AUTO PARTS; BED, BATH & BEYOND INC.; BEST BUY CO., INC.; BUY BUY BABY, INC.; CALERES, INC.; CVS HEALTH | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CORPORATION; DICK'S SPORTING GOODS, INC.; L BRANDS, INC.; STEIN MART, INC.; HOME DEPOT, INC.; THE TJX COMPANIES, INC.,

Defendants.

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted April 15, 2022[**]
Pasadena, California

Before: SMITH,[***] BADE, and LEE, Circuit Judges.

Defendant-Appellant The Gap, Inc. appeals the district court's order denying its motion to compel arbitration. Gap moved to compel arbitration based on an arbitration clause contained in a credit card agreement (the Agreement) between Plaintiff-Appellee Christine Alire and Synchrony Bank; Gap was not a signatory to the Agreement. We have jurisdiction under 9 U.S.C. § 16 and 28 U.S.C. § 1291, and we affirm.

We review de novo a decision on a motion to compel arbitration. *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1152 (9th Cir. 2004). Specifically, we

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Brooks Smith, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

review de novo issues regarding the validity and scope of an arbitration clause, and we review factual findings for clear error. *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 917 (9th Cir. 2011). We apply state law to determine whether an arbitration clause in an agreement applies to a non-party to that agreement. *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 631–32 (2009). The Agreement provided that Utah law governed "to the extent state law is relevant," the district court applied Utah law, and the parties agree that the result here would be the same regardless of whether California or Utah law applies. We thus apply Utah law.

Gap argues that it is entitled to invoke the arbitration clause because it is a third-party beneficiary of the Agreement between Alire and Synchrony Bank. We reject Gap's argument. Generally, under Utah law, "only parties to the contract may enforce the rights and obligations created by the contract." *Fericks v. Lucy Ann Soffe Tr.*, 100 P.3d 1200, 1206 (Utah 2004). There is no dispute that Gap is not a party to the Agreement.

"A third party may claim a contract benefit only if the parties to the contract clearly express an intention 'to confer a separate and distinct benefit' on the third party." *Bybee v. Abdulla*, 189 P.3d 40, 49 (Utah 2008) (quoting *Rio Algom Corp. v. Jimco Ltd.*, 618 P.2d 497, 506 (Utah 1980)). "[I]t is not enough that the parties to the contract know, expect or even intend that others will benefit from the contract." *Carmona v. Travelers Cas. Ins. Co. of Am.*, 428 P.3d 65, 69 (Utah Ct.

3

App. 2018) (quoting *SME Indus., Inc. v. Thompson, Ventulett, Stainback &*
*Assocs., Inc.*, 28 P.3d 669, 684 (Utah 2001)).  Rather, "[t]he contract must be
undertaken for the [third party's] direct benefit and the contract itself must
affirmatively make this intention clear."  *Id.* (quoting *SME Indus.*, 28 P.3d at 684).
As the district court correctly determined, neither the language of the arbitration
clause, nor any other aspect of the Agreement, "clearly express" that Alire and
Synchrony intended the Agreement to provide a separate and distinct benefit to
Gap.  *See Bybee*, 189 P.3d at 49.

**AFFIRMED**.[1]

---

[1] Because we affirm the district court's ruling on the third-party beneficiary
issue, we do not decide any other issues.