340 P.2d 85

Thomas P. SPRUNT, Plaintiff and Appellant,

v.

DENVER & RIO GRANDE WESTERN RAILROAD COMPANY, a corporation, Defendant and Respondent.

No. 8957.

Supreme Court of Utah.

June 8, 1959.

---

C. C. Patterson, Ogden, for appellant.

VanCott, Bagley, Cornwall & McCarthy, Ray, Quinney & Nebeker, Salt Lake City, for respondent.

WADE, Justice.

Thomas P. Sprunt, plaintiff and appellant herein, while performing his duties as a switchman for the Denver & Rio Grande Western Railroad Company, respondent herein, fell on some snow-covered rough ground in the yard of the Vitro Chemical Company in Salt Lake County and injured his shoulder. A jury awarded him a gross judgment of $15,000, but reduced the same two-thirds for his contributory negligence as allowed under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., resulting in a net judgment of $5,000. He appeals, attacking the finding of contributory negligence and the inadequacy of the damages.

Appellant contends that there was no evidence introduced showing that he had not acted as a reasonably prudent person in the same circumstances would have acted and the jury should have been instructed he was not guilty of contributory negligence and therefore the court erred in sub-

mitting the question of contributory negligence to the jury.

■ If the evidence will reasonably support a finding of contributory negligence, then the court did not err in submitting that issue to the jury.[1]

The evidence disclosed that at the time of the accident appellant was the foreman of respondent's switching crew working in the yards of the Vitro Chemical Company. The terrain adjacent to the tracks where the switching crews worked was rough and pockmarked with holes caused by a clam shell machine. This machine was used to pick up ore dumped from the cars by the side of the tracks and redeposited in stockpiles further removed from the tracks. Appellant had been employed by defendant as a switchman for over 25 years and had been acquainted for at least six months with the existing condition in the yard of the Vitro Chemical Company. On the day that appellant was injured the holes were covered with snow which had fallen during the night. Appellant was in the process of checking cars and as he was walking along taking their numbers the cars began to move, going about two or three miles per hour. In attempting to board one of the moving cars in his customary manner he got a hold with his left hand but missed with his right hand because he had stepped into a hole and slipped causing him to lose his balance and fall.

Appellant argues that the evidence proves the accident was caused by the failure of the respondent to provide him with a safe place to work and the fact that he had knowledge of the hazardous conditions under which he was compelled to work would be important if the defense of assumption of risk were available to respondent. But the same fact should not be a basis for a finding of contributory negligence, and therefore there is no basis upon which it could reasonably be found that appellant was negligent.

■ The court properly instructed the jury that the Federal Employers' Liability Act made unavailable to the respondent the defense of assumption of risk by an employee who suffers an injury "because of any defect due to its negligence in its appliances, roadbed or equipment * *." Appellant's contention that his knowledge of a hazardous condition cannot be the basis for a finding of negligence is not sound. We must assume that the jury followed the instructions of the court, and that it did not find appellant negligent because he had assumed the risks of his employment. It would not be unreasonable to conclude that a reasonably prudent person, with knowledge of the fact that the

1. Rogalski v. Phillips Petroleum Co., 3 Utah 2d 203, 282 P.2d 304; Cooper v. Evans, 1 Utah 2d 68, 262 P.2d 278 and

Stickle v. Union Pac. R. Co., 122 Utah 477, 251 P.2d 867.

146

snow covered holes where he was working, should take the precaution to ascertain whether he was standing on or near sufficiently firm ground to safely make the swing onto the moving cars and that the failure to do so was a proximate cause of the injury. The fact that if the defense of assumption of risk had been available to respondent, appellant's knowledge of the hazardous conditions would have been pertinent, does not make such knowledge unavailable as a basis for a finding of negligence if it could be reasonably found that a prudent person with such knowledge would not have attempted to board the cars without first ascertaining whether he was standing at or near sufficiently firm ground to proceed safely. The court therefore did not err in submitting the question of contributory negligence to the jury.

There is also no merit to appellant's contention that the damages awarded were so inadequate as to show that the jury had failed to follow the court's instructions because from the evidence introduced as to his life expectancy and the difference in the amounts he had been earning before and after the accident, the jury should have found his damages were almost double that which were actually awarded him. Although the evidence introduced could have justified a larger verdict than granted, the evidence of the actual damage suffered by appellant was not so certain that the amount granted is so inadequate as to make it appear that it was given under the influence of passion or prejudice or that in the interest of justice it should be set aside. The jury was not bound to believe that appellant would live a definite number of years even though the mortality table showed the average life expectancy of a person his age, nor were they bound to believe that appellant's earnings would have remained the same after the accident if he had not been incapacitated by his injuries, nor that his earning capacity was reduced as much as he claimed. The evidence submitted was merely a guide to aid in arriving at an award. Under such a state of facts we do not interfere with the judgment of the jury. Bodon v. Suhrmann, 8 Utah 2d 42, 327 P.2d 826, cited by appellant has not changed the reasons upon which this court will change an award of damages by a jury. The jury in this case awarded $15,-000. This is a substantial amount and this court cannot say that justice demands a different result.

Affirmed. Costs to respondent.

CROCKETT, C. J., HENRIOD and McDONOUGH, JJ., and WAHLQUIST, D. J., concur.