Jacquelyn M. MEYER, By and Through her Guardian Ad Litem, Sterling Drake MEYER and Sterling Drake Meyer, individually, Plaintiffs and Appellants,

v.

H.H. BARTHOLOMEW, Defendant and Respondent.

No. 19431.

Supreme Court of Utah.

Oct. 1, 1984.

---

**11.** *Darley, supra* note 9, at 337.

**12.** *Id.*

Steven L. Godwin, Salt Lake City, for plaintiffs and appellants.

Elliot J. Williams, Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an action for damages for alleged negligence in treating a congenital eye deficiency of an infant daughter. Liability was conceded by pretrial stipulation. At trial, the only issue of fact determinable was the amount of money damages. The jury's verdict was for $23,000.

A post-judgment motion for a new trial was denied. The motion was denied on a claim of "inadequacy" of damages "appearing to have been given under the influence of passion or prejudice," under Rule 59(a)(5), Utah R.Civ.P. Thereafter, counsel for appellants withdrew. New counsel filed a notice of appeal and assigns as error not only the above rule, but adds a new point based on "accident or surprise, which ordinary prudence could not have guarded against," under Rule 59(a)(3). Such latter allegation was never brought to the attention of the trial court by objection, motion to strike, motion for a new trial, or otherwise. It was asserted for the first time on appeal and is rejected for that reason. Furthermore, the so-called "surprise" was provoked by *appellants'* own counsel when, on cross-examination, he asked the doctor about the latter's negligence after that issue expressly had been eliminated from the case and the jury so instructed. The doctor's "denial" that he was negligent simply was a statement that he considered his surgery to have been performed correctly. Appellants' interpretation of his answer as reflecting wilful misconduct "to mislead his adversary" has no support whatever in the record.

The claim of error because of inadequacy of damages and the accompanying request for remand for a new trial or the requirement of a reasonable "additur" to the judgment is based on one of our decisions. In *Bodon v. Suhrmann*, 8 Utah 2d 42, 327 P.2d 826 (1958), we stated that "[w]e know of no case in which this court has directed an increase of an award of damages ...." Nonetheless, we added $400 to "the munifi-

cent sum of $100" awarded to the plaintiff for damages arising out of the purchase of mettwurst. There is no reasonable basis for relativity of the two sums in that and this case to show adequacy or inadequacy of damages "appearing to have been given under the influence of passion or prejudice," under Rule 59.

Shortly after the *Bodon* case, we had occasion again to entertain the question of "inadequacy of damages" under the Rule.[1] In language that is dispositive of the instant case, we said:

> Although the evidence introduced could have justified a larger verdict than granted, the evidence ... was not so certain that the amount granted is so inadequate as to make it appear that it [the verdict] was given under the influence of passion or prejudice .... Under such a state of facts we do not interfere with the judgment of the jury. *Bodon v. Suhrmann,* ... cited by appellant has not changed the reasons upon which this court will change an award of damages by a jury.

■ The background of this case justifying an affirmance of the judgment and a denial of the additur is as follows. When 6 months old, the alleged victim of defendant's negligence was discovered to have been born with congenital esotropia (a cross-eyed condition). The condition affected both eyes and was followed by amblyopia (lazy eye blindness). The defendant treated the youngster periodically and performed 2 surgeries. More surgeries were performed by another doctor to whom the defendant sent the child for a second opinion. This doctor discovered that a lateral rectus muscle had apparently been cut in one of the earlier surgeries. The eyes were ultimately corrected such that the child, without any lateral rectus muscle, will have 75% normal rotational use of the eye affected. An out-patient routine can treat the problem easily with high expectation of success.

The jury was instructed that the defendant conceded liability and that defendant could be held only for damages found by the jury. The appellants took no exceptions to the instructions, and the $23,000 verdict was returned by unanimous vote.

The judgment is affirmed, and the request for an additur is denied. Costs on appeal are awarded to the defendant.

ZIMMERMAN, J., does not participate herein.

---

1. *Sprunt v. Denver & Rio Grande Western Railroad,* 9 Utah 2d 142, 340 P.2d 85 (1959). *See* also *Jensen v. Eakins,* Utah, 575 P.2d 179 (1978).