Stan KATZ, Plaintiff and Respondent,

v.

Allwin W. PIERCE, Vennadel Pierce,
Kent S. Larson and Ruby Larson,
Defendants and Appellants.

No. 20924.

Supreme Court of Utah.

Sept. 10, 1986.

Rehearing Denied Feb. 3, 1987.

Andrew B. Berry, West Valley City, for defendants and appellants.

Raymond Scott Berry, Salt Lake City, for plaintiff and respondent.

PER CURIAM.

Plaintiff sued to recover unpaid monthly payments on a home that defendants pur-

chased under a uniform real estate contract. Defendants Allwin and Vennadel Pierce ("appellants") challenge the district court's refusal to set aside the default judgment of $2,686.50 entered against them. We affirm the district court.

Plaintiff's complaint alleges that appellants, with defendants Kent and Ruby Larson ("Larsons"), failed to make the monthly contract payments for December 1984 through March 1985. Service of the summons and complaint was made upon appellants on March 30, 1985, at their residence in Salt Lake City, Utah. Larsons, who are not Utah residents, were not served with process, and the action has not proceeded against them. No answer was filed by appellants. Thirty-one days later, on April 30, 1985, the court clerk entered their default, and on May 17, 1985, a default judgment was entered against them. Two weeks later, an answer and lengthy counterclaim was filed on behalf of all defendants admitting nonpayment, but alleging that the contract was fraudulently obtained. When given notice that the default judgment had been entered, appellants moved to set it aside under Rule 60(b) of the Utah Rules of Civil Procedure.[1] Following a hearing on the motion, and considering the affidavits of counsel for both parties, the court refused to set aside the judgment, and this appeal ensued.

 The district court judge is vested with considerable discretion under Rule 60(b) in granting or denying a motion to set aside a judgment. *State ex rel. Utah State Department of Social Services v. Musselman*, 667 P.2d 1053 (Utah 1983); *Airkem Intermountain, Inc. v. Parker*, 30 Utah 2d 65, 513 P.2d 429 (1973). The court should be generally indulgent toward setting a judgment aside where there is reasonable justification or excuse for the defendant's

failure to answer and when timely application is made.[2] Where there is doubt about whether a default should be set aside, that doubt should be resolved in favor of doing so. But, before we will interfere with the trial court's exercise of discretion, abuse of that discretion must be clearly shown. *Russell v. Martell*, 681 P.2d 1193 (Utah 1984). That some basis may exist to set aside the default does not require the conclusion that the court abused its discretion in refusing to do so when facts and circumstances support the refusal. *Cf. Wilson v. Miller*, 198 Kan. 321, 424 P.2d 271, 273 (1967).

 Appellants excuse their default, claiming they were negotiating a settlement with plaintiff's counsel. Appellants' attorney asserts that after service of the complaint, he contacted his opponent by telephone and proposed a settlement. This is disputed by plaintiff's counsel, who claims that counsel briefly discussed a possibility of settlement, but that a settlement offer was never made to him.

In an April 17, 1985, telephone call, plaintiff's counsel advised appellants' attorney that plaintiff's claim would be actively pursued and that he expected an answer prior to the expiration of the time in which the answer had to be filed. In a letter dated April 22, 1985, written to confirm the telephone discussion, plaintiff's counsel advised the opposing attorney that he could not discuss the case further with his client because plaintiff was out of town. Plaintiff's attorney cautioned that if an answer was not filed within the time limit, he would have appellants' default entered and obtain a default judgment. No answer was filed by appellants before April 30, the date

---

**1.** Appellants did not indicate the specific grounds under Rule 60(b) in support of their motion. We conclude that the motion relies upon the criteria of mistake, inadvertence, and excusable neglect under Rule 60(b)(1).

**2.** The trial court has broad discretion to balance the equities on a case-by-case basis, including such considerations as the preference to allow

the presentation of all claims and defenses, any delay or unfairness of a party's conduct, the need for finality of judgments, and the respective hardships in denying or granting relief. *See Warren v. Dixon Ranch Co.*, 123 Utah 416, 260 P.2d 741 (1953); *Boyce v. Boyce*, 609 P.2d 928, 931 (Utah 1980); *Airkem Intermountain v. Parker, supra.*

required by the summons,[3] and no request of the court or counsel was made for an extension of time. Either an answer or a motion for additional time could readily have been filed on appellants' behalf before expiration of the thirty days allowed. The default judgment was entered on May 17, 1985, two weeks after time to answer had expired and appellants' default was entered. Their attorney took no action and made no contact with counsel until May 30, when he filed an answer and counterclaim on behalf of all defendants, including those who had not been served.

Appellants urge that our decision in *Helgesen v. Inyangumia*, 636 P.2d 1079 (Utah 1981), is controlling. In *Helgesen*, we reversed the refusal to set aside a default judgment obtained by the plaintiff while negotiating with the defendant's insurance agent.[4] However, our decision there is clearly distinguishable in several important respects from the facts presented in this appeal.

In *Helgesen*, the defendant was not represented by legal counsel, having turned over to his insurer the defense of the damage claim. The plaintiff's attorney negotiated with the insurance adjuster for five months before the lawsuit was filed. The attorney failed to provide, for settlement purposes, promised information pertaining to his client's damages. He knew that the defendant and his insurer contested liability and damages and that the insurer would defend against the claims. Throughout the process of the negotiation conferences and correspondence, the adjuster awaited the promised data and understood that he would be allowed additional time to accept the settlement offer or to formally respond to the lawsuit. The attorney gave no indication that he would stand fast on the twenty days required for answering.

None of the above facts are present in the instant case. On the contrary, appellants were, at all times, represented by an attorney who is acquainted with our Rules of Civil Procedure and the necessity to file an answer within the time period specified by Rule 12(a). He was clearly advised that plaintiff expected a timely response to the complaint and that, otherwise, appellants' default and a judgment would be immediately obtained. Appellants neither requested additional time to respond nor claimed any hardship because the other defendants, Larsons, resided out of state. Consequently, appellants could not reasonably assume that they were automatically allowed additional time to respond. And, based upon the affidavits filed, the district court was also entitled to conclude that no settlement proposal was ever made by either party. There was no basis to assume that plaintiff's attorney was committed to respond further to settlement discussions or to provide requested information.

Appellants' failure to request additional time also disposes of their argument that they could not seasonably respond because of the out-of-state defendants. If additional time over and above the thirty days was required, a motion to the court for that time would suffice to prevent entry of default. *Cf. Calder Brothers Co. v. Anderson*, 652 P.2d 922, 926 (Utah 1982). Not having been served, Larsons were not obliged to enter an appearance or file an answer. Response on their behalf was not required. Appellants, served locally and having local contact with their attorney, may not now excuse their own lack of diligence by arguing that other defendants might have had communication difficulties because of their nonresidence. If an extension of time was needed, appellants had the responsibility to affirmatively seek it. Fur-

---

3. The summons and complaint were served on March 30, 1985, and appellants as residents would normally be allowed only twenty days to file an answer. Utah R.Civ.P. 12(a). However, although plaintiff was not required to proceed against appellants under U.C.A., 1953, § 78-27-27, as amended (1977 ed.), the summons served upon appellants expressly allowed them thirty days in which to respond to the complaint.

Therefore, because of the specific language of the summons, they had until April 30 to file a response or, alternatively, to request additional time.

4. *See also May v. Thompson*, 677 P.2d 1109 (Utah 1984).

thermore, because plaintiff sued to recover only unpaid monthly payments, appellants will not be unjustly foreclosed from presenting their defenses in any subsequent action either for future payments or to challenge the validity of the contract.

While the trial court should liberally grant relief from a defendant's default, appellants have not clearly shown that the court abused its discretion by refusing to do so in this case. That refusal has substantial support in the record, and we affirm the denial of appellants' motion to set aside their default. *Warren v. Dixon Ranch Co., supra; Masters v. Le Seur*, 13 Utah 2d 293, 373 P.2d 573 (1962).

■ Finally, appellants seek reversal of the judgment because the damages awarded are in excess of the amount prayed for in the complaint. A default judgment shall not be different in kind from, or exceed in amount, that specified in plaintiff's complaint. Utah R.Civ.P. 54(c)(2). When the claim is for a sum certain or for a sum made certain by mere computation, judgment in that amount may be entered. But,

> [i]f in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the damages or to establish the truth of any averment by evidence ... the court may conduct such hearings or order such references as it deems necessary and proper.

Utah R.Civ.P. 55(b)(2).

Plaintiff sued for unpaid monthly installments on the contract, alleging that four months were then unpaid, totalling $1,580. Although plaintiff also claimed that future contract payments would not be made,

such an allegation will not justify a default amount for those unpaid future payments without a further hearing with supporting evidence that, in fact, the payments were not made. Yet the court entered judgment for two additional installments, with penalties, without notice to defendants or further evidence by testimony or affidavit.[5] Although an affidavit of plaintiff's counsel was submitted, it dealt only with the reasonableness of the attorney fees to be awarded and did not support any increase in the amount of damages.

■ We have consistently reversed default judgments when the amount of damages awarded exceeds the amount of the prayer of the complaint or is unsupported by evidence in the record.[6] However, we cannot do so in this case because appellants did not present the issue to the lower court. Appellants' claim of the inappropriate damage award was not part of their 60(b) motion below, and no direct appeal from the judgment was taken, although appellants might have done so. J. Moore & W. Taggert, 6 *Moore's Federal Practice* § 55.09 (1986). Appeal was taken only from the denial of the 60(b) motion, which was premised only upon the claim that the parties were negotiating. Even though the court erroneously gave no hearing on damages, that issue is relevant only in the context of a direct appeal from the judgment itself and not in an appeal from the motion to set aside when not raised below as grounds for the motion.[7] Appellants cannot assert new grounds for their motion for the first time on appeal without having afforded the trial court an opportunity to rule on those grounds or to correct any alleged deficien-

---

5. Our present Rule 55(a)(2) of the Utah Rules of Civil Procedure was amended effective September 1985 to require that in addition to notice under Rule 58A of the signing or entry of a default judgment, a defendant is also entitled to advance notice of any hearing to fix the amount of damages to be awarded.

6. *See Larsen v. Collina*, 684 P.2d 52 (Utah 1984); *Russell v. Martell*, 681 P.2d 1193 (Utah 1984); *J.P.W. Enterprises, Inc. v. Naef*, 604 P.2d 486 (Utah 1979); *Pitts v. Pine Meadow Ranch, Inc.*, 589 P.2d 767 (Utah 1978).

7. *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730, 734–36 (5th Cir.1984); *United States v. $22,640.00 in U.S. Currency*, 615 F.2d 356 (5th Cir.1980); *Winfield Assocs., Inc. v. Stonecipher*, 429 F.2d 1087 (10th Cir.1970); *Hirsch v. National Van Lines, Inc.*, 136 Ariz. 304, 666 P.2d 49 (1983); *and see Miotk v. Rudy*, 4 Kan. App.2d 296, 605 P.2d 587 (1980); *McCracken v. Davis*, 560 P.2d 771 (Alaska 1977).

cy. *Meyer ex rel. Meyer v. Bartholomew*, 690 P.2d 558 (Utah 1984); *Atkins v. Household Finance Corp. of Casper*, 581 P.2d 193 (Wyo.1978). Our scope of review in this appeal is limited to whether there was an abuse of discretion in refusing to set aside the default on the grounds set forth in appellants' motion below. We find no abuse and affirm the denial of the motion.