STATE of Utah, Plaintiff,

v.

SIXTEEN THOUSAND DOLLARS UNITED STATES CURRENCY, Defendant.

Isidro GARCIA, Appellant,

v.

STATE of Utah, Appellee.

No. 950284–CA.

Court of Appeals of Utah.

April 4, 1996.

Michael H. Wray, Paul G. Amann, Amann & Wray, L.C., Salt Lake City, for Appellant.

William L. Benge, Grand County Attorney, Moab, Jan Graham, Utah Attorney General, Scott W. Reed, Assistant Attorney General, Salt Lake City, for Appellee.

Before BENCH, BILLINGS and WILKINS, JJ.

## OPINION

WILKINS, Judge:

Isidro Garcia appeals the default judgment of forfeiture entered against $16,000 in favor of the State. We dismiss the appeal.

## BACKGROUND

In February 1994, Utah Highway Patrol officers stopped a 1988 Hyundai for speeding on Interstate 70 in Grand County. The officers seized $16,000 in U.S. currency after finding the currency, a Browning .22 rifle, and marijuana residue in a hidden compartment in the car's bumper.

In September 1994, the Grand County Attorney filed a complaint seeking forfeiture of the $16,000 pursuant to the Utah Controlled Substance Act. *See* Utah Code Ann. §§ 58–37–1 to –21 (1994 & Supp.1995). Notice was served by mail on known interested parties, as well as by publication.

No one ever filed an answer to the complaint. However, Isidro Garcia, the driver of the Hyundai and alleged owner of the cash, apparently corresponded with the Grand County Attorney through an attorney from Van Nuys, California. Counsel for Garcia claims that Garcia also filed a pro se response to the complaint on December 2, 1994. However, the State claims no answer was ever filed, and no filed response is found in the record on appeal.

After two continuances, the trial court held a hearing on the matter on January 25, 1995. No one appeared on behalf of Garcia. On the day of the hearing, the trial judge received a facsimile transmission from the Van Nuys attorney, asking for a continuance. However, the request was insufficient, and the trial court declined to continue the case.

Following the hearing, the trial court entered a default judgment in favor of the State on January 31, 1995. On March 1, Garcia filed a motion for relief from judgment pursuant to Rule 60(b) of the Utah Rules of Civil Procedure. Garcia also filed a notice of appeal from the default judgment on March 2. The trial court denied the motion for relief on April 5, and Garcia did not appeal from that ruling.

## ANALYSIS

Garcia claims on appeal that the trial court erred as a matter of law in finding the $16,000 subject to forfeiture, erred in making inadequate findings of fact, and exceeded the scope of permitted discretion in refusing to

grant a continuance. Because we dismiss the appeal, we do not consider these issues.

■ Instead, we hold that Garcia could only appeal from the denial of his Rule 60(b) motion, and not from the default judgment directly. We can find no Utah case in which an appellate court considered a direct appeal from a default judgment entered against a party who had failed to file any responsive pleading and had not appeared before the trial court.

The only cases that appear to involve a direct appeal from a default judgment are cases in which default judgment was entered as a sanction for discovery violations pursuant to Rule 37 of the Utah Rules of Civil Procedure. In each case, the sanctioned party had filed responsive pleadings, had appeared before the trial court, and had an opportunity to argue against the sanction before the trial court. *See, e.g., Schoney v. Memorial Estates, Inc.*, 790 P.2d 584 (Utah App.), *cert. denied*, 804 P.2d 1232 (Utah 1990).

■ Certainly, a party may have a reasonable explanation for its default. If so, the party should proceed under Rule 60(b) to seek relief from the trial court. In the furtherance of justice, the trial court has discretion to relieve a party from a default judgment where the party's default resulted from mistake, surprise, excusable neglect, misconduct by the other party, improper service, or the like. *See* Utah R.Civ.P. 60(b). The court could also grant relief in cases where the defaulting party discovers new evidence, has already satisfied the judgment, or has another reason justifying relief. *See id.*

■ A defaulting party can then appeal a trial court's denial of a Rule 60(b) motion. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 970 (Utah App.1989) ("[A]n order denying relief under Rule 60(b) is a final appealable order."). If the defaulting party does not appeal the court's ruling on the motion, then we cannot, on appeal, find a mistake by the trial court. In such cases, the trial court did not err in entering the default judgment, and the appellate court would lack authority to review whether the

trial court acted unreasonably in refusing to grant relief from the judgment.

■ On the other hand, a trial court may err as a matter of law in entering a default judgment. *See, e.g., Katz v. Pierce*, 732 P.2d 92, 95 (Utah 1986) (per curiam) (indicating that amount of damages awarded in default judgment cannot exceed amount prayed for in complaint or be unsupported by evidence in record); *Stevens v. Collard*, 837 P.2d 593, 595 (Utah App.1992) (concluding that before rendering judgment by default, trial court must first conclude that "the uncontroverted allegations of an applicant's petition are, on their face, legally sufficient to establish a valid claim against the defaulting party"), *cert. denied*, 862 P.2d 1356 (Utah 1993); *P & B Land, Inc. v. Klungervik*, 751 P.2d 274, 276–77 (Utah App.1988) (holding that trial court must make entry of default prior to entry of default judgment, and court may not make entry of default when there is no default in law or in fact). Even in these cases, the party asserting the error must first present the issue to the trial court through the appropriate post-judgment motion prior to seeking appellate review.

■ Again, the proper course for an aggrieved party to follow would be to make a Rule 60(b) motion for relief from judgment, *see* Utah R.Civ.P. 60(b)(7) (allowing a motion to be made on the basis of "any other reason justifying relief from the operation of the judgment"), or a motion for a new trial, or to amend or alter the judgment, pursuant to Rule 59. *See* Utah R.Civ.P. 59(a)(5), (a)(6), (a)(7) (indicating that excessive damages, insufficient evidence, or error in law are proper grounds for such a motion); *see also Moon Lake Elec. Ass'n v. Ultrasystems W. Constructors*, 767 P.2d 125, 127–28 (Utah App. 1988) (holding that Rule 59 motion for "new" trial was procedurally allowable even in case where *no* trial had yet been held). The aggrieved party could then appeal from a denial of a Rule 60(b) motion or from the default judgment directly, following a denial of a Rule 59 or other post-judgment motion.

The decision to only consider appeals that arise from or include the denial of a post-judgment motion, rather than from the default judgment directly, is a natural corollary

of the general rule that we will not consider issues raised for the first time on appeal. *See State v. Brown*, 856 P.2d 358, 359 (Utah App.1993). A trial court should be given an opportunity to correct errors of law, as well as to excuse a defaulting party when reasonable, so as to resolve any arising controversy before appeal. *See Katz*, 732 P.2d at 95–96 (declaring that the appellants cannot assert *new* grounds for setting aside the default judgment "without having afforded the trial court an opportunity to rule on those grounds or to correct any alleged deficiency"); *cf. Utah County v. Brown*, 672 P.2d 83, 85 (Utah 1983) ("[I]n order to preserve a plea of error, the alleged error must have been raised seasonably by counsel to the trial court. The purpose of this rule is to allow the trial court to correct any error, if error there be." (footnote omitted)); *Brown*, 856 P.2d at 359 (stating that appellant should first present issue to trial court, thereby putting judge on notice of asserted error and allowing for correction at that time in course of proceedings); *LeBaron & Assocs. v. Rebel Enters.*, 823 P.2d 479, 482–83 (Utah App. 1991) (indicating that trial court must have opportunity to rule on issue's merits in order to preserve that issue for appeal).

In addition to allowing the trial court an opportunity to correct error and to end controversies before an appeal becomes necessary, our ruling will also require parties to crystallize issues prior to appeal and will help clarify standards by which we would review alleged mistakes of the trial court. Thus, the requirement that an appellant first present alleged errors regarding a default judgment to the trial court, and then follow the appropriate course for appeal, will best serve the interests of judicial economy and orderly procedure.

## CONCLUSION

Isidro Garcia has appealed directly from the trial court's entry of the default judgment without having first filed responsive pleadings or otherwise having appeared before the trial court. Garcia has not appealed the trial court's denial of his post-judgment motion. Accordingly, we will not consider the merits of Garcia's arguments, and we dismiss the appeal.

BENCH and BILLINGS, JJ., concur.