IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| AFCC Limited, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120020-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Doug Kahler; and Independent Salon | ) | (April 26, 2012) |
| Group, Inc., | ) | |
| | ) | 2012 UT App 124 |
| Defendants and Appellant. | ) | |

-----

Fourth District, American Fork Department, 100106904
The Honorable Christine S. Johnson

Attorneys:     J. Kent Holland, Sandy, for Appellant
               Reid Tateoka and Jeremy C. Sink, Salt Lake City, for Appellee

-----

Before Judges Orme, Thorne, and Roth.

¶1     Doug Kahler appeals the district court's order denying his motion to set aside the judgment. This matter is before the court on AFCC Limited's motion for summary disposition on the basis that the grounds for review are so insubstantial as not to merit further proceedings or review.[1]

---

[1]The court also issued a sua sponte motion for summary disposition on the basis that this court lacked jurisdiction due to the absence of a final, appealable order. However, Kahler obtained a final, appealable order on February 28, 2012, and filed an

(continued...)

¶2    The district court is afforded broad discretion in ruling on a motion for relief from judgment under rule 60(b) of the Utah Rules of Civil Procedure, and the ruling will not be disturbed absent a showing that the district court abused its discretion. *See Birch v. Birch*, 771 P.2d 1114, 1117 (Utah Ct. App. 1989). An appeal from a rule 60(b) motion is narrow in scope and addresses only the propriety of the denial or grant of relief from judgment, lest rule 60(b) motions become substitutes for untimely appeals. *See Franklin Covey Client Sales, Inc. v. Merlin*, 2000 UT App 110, ¶ 19, 2 P.3d 451. Therefore, a rule 60(b) motion does not generally reach the merits of the underlying judgment from which relief was sought or provide a basis for this court to review the legal issues previously adjudicated by the district court. *See id.* ¶ 23.

¶3    Kahler argues that the district court erred in denying his motion for relief under rule 60(b) because the underlying judgment was flawed due to a misapplication of the law. Specifically, Kahler asserts that he should not have been held individually responsible under the doctrine of unjust enrichment for a debt that should have belonged solely to the corporation.

> "[A]n appeal or motion for new trial, rather than a [Rule] 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence, especially where the [Rule] 60(b) motion is filed after the time for appeal has expired. . . . The policy behind such a reading of [Rule] 60(b) is clear; parties should not be allowed to escape the consequences of their failure to file a timely appeal by addressing questions of law to the trial court for reconsideration. That is the function of appellate courts. If allowed to raise the same questions in a [Rule] 60(b) motion that would have been raised in an appeal from the merits, a party would be able to effect an indirect extension of the time for appeal by appealing the [Rule] 60(b) motion within thirty days of its disposition."

---

[1](...continued)
amended notice of appeal on March 1, 2012. Accordingly, the court's sua sponte motion is withdrawn.

*Id.* ¶ 21 (quoting *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989)) (alterations in original).  Kahler alleges that the district court made a mistake of law in entering the judgment against him.  As explained above, it is improper to raise such an issue in a rule 60(b) motion; the proper remedy is to appeal or to file a motion under rule 59 of the Utah Rules of Civil Procedure.  Therefore, the district court did not abuse its discretion in denying the motion.

¶4     Affirmed.


_____
Gregory K. Orme, Judge



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge