IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Express Recovery Services, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120284-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 25, 2012) |
| Luonda M. Davis, | ) | |
| | ) | 2012 UT App 296 |
| Defendant and Appellant. | ) | |

-----

Third District, West Jordan Department, 110418042
The Honorable Bruce C. Lubeck

Attorneys:     Luonda M. Davis, Kearns, Appellant Pro Se
               Edwin B. Parry, Salt Lake City, for Appellee

-----

Before Judges Orme, Davis, and Voros.

¶1     Luonda M. Davis appeals the denial of her motion to set aside a default judgment under rule 60(b) of the Utah Rules of Civil Procedure. We affirm.

¶2     Express Recovery Services (Express) caused a summons and complaint to be served at Davis's residence. A return of service prepared by Bringhurst Process Service stated that process was served "at the dwelling house or usual place of abode of Luonda Davis by delivering a copy to Patrick Boone, the co-resident of Luonda Davis, who is a person of suitable age and discretion there residing." After Davis failed to answer the complaint, the district court entered a default judgment in an amount representing medical expenses incurred by Davis's late husband. Davis filed a timely motion to set aside the default judgment pursuant to rule 60(b)(1), claiming excusable neglect. In her supporting affidavit, Davis stated that she "did not receive [the]

paperwork" and had no knowledge of the judgment until she saw it on her credit report. Davis also stated, "This is not my bill, I did not sign for any services rendered."

¶3 The district court found that the summons and complaint were "properly served upon a person of suitable age and discretion at the residence of the Defendant." The court found that Davis's claim that she did not receive a copy from the person served at her residence did not demonstrate excusable neglect under rule 60(b)(1). Finally, the district court found that Davis "failed to raise a meritorious defense in that the claims made by Plaintiff are family expenses as defined by Utah Law." On appeal, Davis argues, apparently for the first time, that the person who received the summons and complaint did not reside at her residence.

¶4 Davis did not provide a transcript of the hearing on her rule 60(b) motion. *See* Utah R. App. P. 11(e)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by or contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."). A trial court's determination whether the moving party has demonstrated grounds to set aside a judgment under rule 60(b) will be set aside only when the trial court has abused its discretion. *See Swallow v. Kennard*, 2008 UT App 134, ¶ 19, 83 P.3d 1052. In the context of a denial of a rule 60(b) motion, we review the district court's findings of fact for clear error and its conclusions of law for correctness. *See id.* "Further, although the existence of a meritorious defense may be a factor, an appeal of a Rule 60(b) order addresses only the propriety of the denial or grant of relief. The appeal does *not* . . . reach the merits of the underlying judgment from which relief was sought." *Id.* (citation and internal quotation marks omitted). In order to obtain a reversal, Davis must show that the judgment was entered against her as a result of excusable neglect, that her motion to set aside the judgment was timely, and that she would have a meritorious defense. *See id.* ¶ 21. "[I]t is unnecessary, and moreover inappropriate, to even consider the issue of meritorious defense unless the court is satisfied that a sufficient excuse [under rule 60(b)] has been shown." *Department of Soc. Servs. v. Musselman*, 667 P.2d 1053, 1055–56 (Utah 1983).

¶5 A return of service, whether by a sheriff, constable, or private process server, is presumptively correct and is prima facie evidence of the facts stated therein. *See Cooke v. Cooke*, 2001 UT App 10, ¶ 9, 22 P.3d 1249. Because all process servers are subject to criminal charges for falsifying a return of service, their returns of service are

"presumptively correct and can be disproved only by clear and convincing evidence." *Id*. Nowhere in Davis's rule 60(b) motion or affidavit did she claim that the person receiving the summons and complaint at her residence did not reside there or was not a person of suitable age and discretion to receive process. Thus, Davis did not demonstrate by clear and convincing evidence that service was improper. Accordingly, the district court did not abuse its discretion in finding that service was proper.

¶6     The district court also found Davis's claim that she did not receive the documents from the person served to be both unpersuasive and insufficient to support her claim of excusable neglect. The district court did not abuse its discretion in denying the rule 60(b) motion because Davis did not demonstrate excusable neglect or another ground for relief from the judgment. Davis proffered a defense that she did not agree to be financially responsible for medical care for her late husband. However, because Davis did not demonstrate a sufficient excuse that would entitle her to relief from the judgment under rule 60(b), we do not consider her claimed defense to the complaint. Accordingly, we affirm the denial of the motion to set aside the judgment.

_____
Gregory K. Orme, Judge

_____
James Z. Davis, Judge

_____
J. Frederic Voros Jr., Judge