2014 UT App 99

**ASPENBROOK HOMEOWNERS ASSOCIATION, Plaintiff and Appellee,**

v.

**Jack D. DAHL and Lori E. Dahl, Defendants and Appellants.**

No. 20130133–CA.

Court of Appeals of Utah.

May 1, 2014.

Franklin Richard Brussow, for Appellants.

Ford G. Scalley and Bradley W. Madsen, for Appellee.

Senior Judge PAMELA T. GREENWOOD authored this Memorandum Decision, in which Judges GREGORY K. ORME and JAMES Z. DAVIS concurred.[1]

Memorandum Decision

GREENWOOD, Senior Judge:

¶1 Jack D. Dahl and Lori E. Dahl (the Dahls) appeal from the district court's denial of their motion to set aside a default judgment. We affirm.

¶2 In early 2010, Aspenbrook Homeowners Association (Aspenbrook) filed suit against the Dahls for breach of contract, requesting foreclosure and an award of attorney fees. Aspenbrook alleged that the Dahls owned a property within Aspenbrook and failed to pay assessments and fees required under Aspenbrook's covenants, conditions, and restrictions. The Dahls answered and asserted a counterclaim based on their allegations that Aspenbrook's failure to repair the Dahls' roof resulted in damages to them.

¶3 During the course of discovery, Aspenbrook served the Dahls with a second set of interrogatories and requests for production of documents in November 2011. The parties briefly stayed discovery while they attempted to settle the case, but when settlement negotiations failed, discovery resumed. At this point, Aspenbrook's counsel sent a letter to the Dahls' counsel requesting discovery responses within eight days and warned that Aspenbrook would file a motion to compel if the Dahls did not comply with the request. When the Dahls had not yet responded to the November discovery requests sent nearly five months earlier, Aspenbrook filed a motion to compel, pursuant to rule 37(a) of the Utah Rules of Civil Procedure.[2] Aspenbrook also moved for

sanctions under rule 37(a)(4). The Dahls did not oppose the motions.

¶4 On May 3, 2012, the district court granted Aspenbrook's motions. The court also ordered the Dahls to respond to Aspenbrook's discovery requests within ten business days. The Dahls did not respond to or comply with this order. Consequently, Aspenbrook filed a second motion for sanctions under rule 37(b)(2), requesting that the district court strike the Dahls' answer and counterclaim and enter default judgment in favor of Aspenbrook.[3] On June 18, 2012, the Dahls responded by moving for an enlargement of time to answer Aspenbrook's second motion for sanctions. In their motion, the Dahls asked for permission to file an opposition by June 13, 2012. The motion had been mailed to Aspenbrook on June 3, but it was not filed with the district court until June 18, 2012. The Dahls never filed any opposition to Aspenbrook's motion for sanctions. The district court granted Aspenbrook's second motion for sanctions. The court struck the Dahls' answer and counterclaim and ruled that Aspenbrook would be awarded a default judgment against the Dahls.

¶5 On August 3, 2012, the district court entered an amended default judgment, which awarded Aspenbrook $43,775.85, post-judgment interest, and attorney fees. The amended default judgment also ordered the sale of the Dahls' property to satisfy the judgment. Three days later, Aspenbrook served notice of the amended default judgment on the Dahls.

¶6 On August 16, 2012, the Dahls filed a motion requesting that the district court "strike the amended default judgment ... and ... Order of Sale." In their supporting memorandum, the Dahls indicated that the

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. Rule 37(a) permits a party to move to compel disclosure and for appropriate sanctions when an opposing party fails to make a disclosure as required by rule 26(a). Utah R. Civ. P. 37(a) (2011). Rule 37 was amended in 2011, after the filing of this case. Because these amendments are generally effective only as to cases filed on or after November 1, 2011, they are not applicable

to this case. *Hull v. Wilcock (In re Estate of Wilcock)*, 2012 UT App 223, ¶36 n. 5, 285 P.3d 815. Accordingly, we refer to the pre-amendment version of rule 37 throughout this decision.

3. If a party fails to obey an order compelling discovery, the court may "strike pleadings or parts thereof, ... dismiss the action or proceeding or any part thereof, or render judgment by default against the disobedient party." Utah R. Civ. P. 37(b)(2)(C) (2011) (current version at *id.* R. 37(e)(2) (2013)).

motion was filed pursuant to rule 12(f)[4] and stated their intention to later file a motion to set aside the amended default judgment. Following briefing, the district court heard oral argument on the Dahls' motion on October 9, 2012. In ruling on the Dahls' motion, the district court construed it as a rule 60(b) motion, reasoning that the court "can't strike a default judgment without setting it aside." *See* Utah R. Civ. P. 60(b) (authorizing the court to relieve a party from a final judgment or order and setting forth grounds for relief from judgment). Thus, the district court treated the Dahls' "motion to strike" as a motion to set aside the August 3, 2012 amended default judgment under rule 60(b). The district court then denied the Dahls' motion because it found no grounds for relief based on the Dahls' failure to oppose, or otherwise respond to, the motion to compel and the motions for sanctions. The district court entered its written order on the "motion to strike" on October 30, 2012.

¶ 7 On the same day as the hearing on the "motion to strike," the Dahls filed a motion to set aside the default judgment pursuant to rules 55 and 60(b).[5] In the motion to set aside,[6] the Dahls argued that procedural violations rendered the amended default judgment void and that good cause entitled them to relief from judgment. On December 11, 2012, the district court denied the Dahls' motion to set aside the amended default judgment. The district court's order indicated that the Dahls' motion to set aside raised "substantively identical" arguments to those raised in their "motion to strike," which the court had earlier construed as a motion to set aside. Because "all of the arguments raised

by [the Dahls] in the Motion [had] already been considered and rejected by the Court," the district court denied the Dahls' motion and "implicit invitation to reconsider decisions previously made." The Dahls filed a notice of appeal on January 9, 2013.

¶ 8 Aspenbrook subsequently filed a motion for summary disposition with this court, asserting a lack of jurisdiction. We determined that we lacked jurisdiction "to review any issues concerning the August 3, 2012 judgment or the October 30, 2012 order[7] because the Dahls failed to file timely notices of appeal after entry of these orders." However, we concluded that we did have jurisdiction to review the December 11, 2012 order denying the Dahls' motion to set aside the amended default judgment "because that order is a final, appealable order and the Dahls timely filed a notice of appeal after entry of it." Accordingly, the Dahls' appeal from the December 11, 2012 order is properly before us.

¶ 9 The Dahls' appeal is limited to challenging the district court's December 11, 2012 order denying their motion to set aside the amended default judgment. "A trial court has discretion in determining whether a movant has shown [Rule 60(b) grounds], and this Court will reverse the trial court's ruling only when there has been an abuse of discretion." *Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 9, 2 P.3d 451 (alteration in original) (citation and internal quotation marks omitted). "An appeal from a rule 60(b) motion is narrow in scope and addresses only the propriety of the deni-

---

4. Rule 12(f) provides,

   Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty days after the service of the pleading, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

   Utah R. Civ. P. 12(f). By its plain language, rule 12(f) pertains to striking material from "any *pleading*," as opposed to any judgment. *Id.* (emphasis added).

5. Rule 55(c) permits a default judgment to be set aside in accordance with rule 60(b). Utah R. Civ. P. 55(c).

6. At the beginning of the hearing on the motion to strike, counsel for the Dahls informed the court that he had filed a motion to set aside that same day. The district court stated that the motion to set aside the default judgment would have to be considered at a later date, after Aspenbrook had an opportunity to respond.

7. The October 30, 2012 order, as previously described, denied the Dahls' motion to strike, treating it as a rule 60(b) motion to set aside the amended default judgment.

al or grant of relief from judgment, lest rule 60(b) motions become substitutes for untimely appeals." *AFCC Ltd. v. Kahler,* 2012 UT App 124, ¶ 2, 278 P.3d 1070 (per curiam) (citing *Franklin Covey,* 2000 UT App 110, ¶ 19, 2 P.3d 451). "Therefore, a rule 60(b) motion does not generally reach the merits of the underlying judgment from which relief was sought or provide a basis for this court to review the legal issues previously adjudicated by the district court." *Id.*

¶ 10 Generally, "a movant is entitled to have a default judgment set aside under [rule] 60(b) [of the Utah Rules of Civil Procedure] if (1) the motion is timely; (2) there is a basis for granting relief under one of the subsections of 60(b); and (3) the movant has alleged a meritorious defense." *Cadlerock Joint Venture II, LP v. Envelope Packaging of Utah, Inc.,* 2011 UT App 98, ¶ 7, 251 P.3d 837 (alterations in original) (citation and internal quotation marks omitted). However, "[i]t is unnecessary, and moreover inappropriate, to even consider the issue of meritorious defense unless the court is satisfied that a sufficient excuse [under rule 60(b) ] has been shown." *Express Recovery Servs. v. Davis,* 2012 UT App 296, ¶ 4, 289 P.3d 606 (per curiam) (second alteration in original) (citation and internal quotation marks omitted).

¶ 11 As to the first factor, the Dahls' motion was timely. Rule 60(b) instructs that a motion to set aside a judgment "shall be made within a reasonable time and for reasons [enumerated in subsections] (1), (2), or (3), not more than 3 months after the judgment, order, or proceeding was entered or taken." Utah R. Civ. P. 60(b). Here, the district court entered the amended default judgment on August 3, 2012, and the Dahls filed their motion to set aside the default judgment approximately two months later on October 9, 2012. Accordingly, the Dahls filed their rule 60(b) motion within the time period prescribed by rule 60(b).

¶ 12 As to the second factor, the Dahls contend that the district court abused its discretion in determining that they failed to establish grounds for relief from judgment. The Dahls cite only two grounds under rule 60(b). Specifically, they cite rule 60(b)'s provisions that "[o]n motion and upon such terms as are just, the court may in the furtherance of justice relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." *Id.*

¶ 13 The Dahls argue that the district court should have granted their rule 60(b) motion because their tardiness in responding to Aspenbrook's discovery requests and to the motions for sanctions was due to their reasonable reliance on a local court rule. They contend that this reliance should have mitigated their culpability and the level of sanctions imposed by the district court. The Dahls further argue that the district court did not consider their argument concerning the proportionality of default judgment as a discovery sanction.

¶ 14 Under circumstances "[w]here a default judgment is entered as a discovery sanction—as opposed to being entered as a result of a defendant's failure to answer a complaint—the sanctioned party [will have] filed responsive pleadings, ... appeared before the trial court, and had an opportunity to argue against the sanction before the trial court." *Fu v. Rhodes,* 2013 UT App 120, ¶ 19, 304 P.3d 80 (second alteration and omission in original) (citation and internal quotation marks omitted) (affirming a default judgment entered against the defendants as a discovery sanction), *cert. granted,* 317 P.3d 432 (Utah 2013). "As a general rule, parties should allege all known grounds for relief in one motion for relief from judgment under rule 60(b)." *Robinson v. Baggett,* 2011 UT App 250, ¶ 23, 263 P.3d 411.[8] As we explained in *Amica Mutual Insurance*

---

8. The *Robinson* case presented an unusual scenario where a party presented a newly assigned judge with a proposed divorce decree containing terms that "directly conflict[ed]" with the prior ruling of a different district court judge. *Robin-* son *v. Baggett,* 2011 UT App 250, ¶ 25, 263 P.3d 411. This court concluded that the case presented sufficiently exceptional circumstances to justify equitable relief and consideration of the appellant's second rule 60(b) motion. *Id.* ¶¶ 24–27.

*Co. v. Schettler*, 768 P.2d 950 (Utah Ct.App. 1989),

> [t]here must be finality, a time when the case in the trial court is really over and the loser must appeal or give up. Successive post-judgment motions interfere with that policy. And justice is not served by permitting the losing party to string out his attack on a judgment over a period of months, one argument at a time, or to make the first motion a rehearsal for the real thing the next month.

*Id.* at 969 (citation and internal quotation marks omitted). Indeed, "generally, [a] party may not file repeated [rule 60(b) ] motions until he either offers a meritorious ground for relief or exhausts himself and the trial court in an effort to do so." *Robinson*, 2011 UT App 250, ¶ 23, 263 P.3d 411 (alterations in original) (citation and internal quotation marks omitted). In *Amica Mutual,* we concluded that the defendant's second rule 60(b) motion was barred. 768 P.2d at 969. We reasoned that the ground the defendant asserted in his second rule 60(b) motion "was available ... at the time he filed his first 60(b) motion and with due diligence could have been included in the original motion," which was also based on the same argument. *Id.*

¶ 15 In this case, the district court did not exceed its discretion in determining that the Dahls did not set forth a ground for relief under rule 60(b). In particular, the district court reasoned that the Dahls' second rule 60(b) motion "set[ ] forth and expand[ed] upon the same arguments raised (and rejected) in the 'Motion to Strike,'" including the arguments that Aspenbrook had failed to comply with a local court rule and that relief should be afforded to the Dahls pursuant to

rule 54(c)(2).[9] Because the district court had already ruled on and rejected these same arguments following briefing and oral argument on the Dahls' "motion to strike"—which the court construed as a rule 60(b) motion— the court denied the Dahls' motion to set aside the amended default judgment and their "implicit invitation to reconsider decisions previously made." *See generally Utah State Bar v. Rasmussen (In re Discipline of Rasmussen* ), 2013 UT 14, ¶ 14, 299 P.3d 1050 ("Nothing ... prohibits district courts from entertaining, under rule 60(b), a filing not captioned as such."). We are not persuaded that the district court exceeded its discretion in that regard, and we do not view this case as presenting exceptional circumstances justifying relief. Moreover, even if we accepted both the Dahls' claim that the district court abused its discretion in concluding that the Dahls' second rule 60(b) motion raised issues identical to those raised in their "motion to strike," i.e., their first rule 60(b) motion, and their claim that the district court did not consider their argument regarding the proportionality of the sanctions, the Dahls should have raised that argument in their first 60(b) motion because it was available at the time the Dahls filed their "motion to strike." *See Robinson*, 2011 UT App 250, ¶ 23, 263 P.3d 411; *Amica Mut.*, 768 P.2d at 969.

¶ 16 As to the third factor, we do not consider whether the Dahls proffered a meritorious defense because we are not satisfied that the Dahls have demonstrated a ground for relief under rule 60(b). *See Express Recovery Servs. v. Davis*, 2012 UT App 296, ¶ 4, 289 P.3d 606 (per curiam). We therefore affirm the district court's denial of the Dahls' rule 60(b) motion.[10]

---

9. Rule 54(c)(2) provides, "A judgment by default shall not be different in kind from, or exceed in amount, that specifically prayed for in the demand for judgment." Utah R. Civ. P. 54(c)(2).

10. The Dahls also complain that the district court ruled on their motion to set aside the default judgment without first holding a hearing on the motion. "The trial court is afforded great latitude in determining whether a hearing will be held on non-dispositive motions." *Stevens v. LaVerkin City*, 2008 UT App 129, ¶ 28 n. 6, 183 P.3d 1059 (citation and internal quotation marks omitted); *see also* Utah R. Civ. P. 7(e) ("The

court may hold a hearing on any motion.... The court shall grant a request for a hearing on a motion under Rule 56 or a motion that would dispose of the action or any claim or defense in the action unless the court finds that the motion ... is frivolous or the issue has been authoritatively decided."). On such a motion, the district court "may hold a hearing but is not required to do so." *See Stevens*, 2008 UT App 129, ¶ 28 n. 6, 183 P.3d 1059 (citation and internal quotation marks omitted). Accordingly, the district court did not exceed its discretion in ruling on the

¶ 17 Aspenbrook requests its attorney fees incurred on appeal. "[W]hen a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Valcarce v. Fitzgerald,* 961 P.2d 305, 319 (Utah 1998) (citation and internal quotation marks omitted). Although the order from which the Dahls appeal, the December 11, 2012 order, does not address attorney fees, the district court awarded Aspenbrook its attorney fees in the amended default judgment and the October 30, 2012 order denying the Dahls' first rule 60(b) motion. Because Aspenbrook has also prevailed on appeal, we award Aspenbrook attorney fees reasonably incurred on appeal.

¶ 18 In summary, we conclude that the district court did not exceed its discretion in determining that the Dahls failed to establish a ground for relief under rule 60(b). The Dahls raised arguments that the district court had already rejected, and the argument in their second rule 60(b) motion that the discovery sanction was excessive could have been raised in the first motion. Accordingly, we affirm the district court's order denying the Dahls' second motion to set aside the amended default judgment, and we remand to the district court for a determination of the amount of Aspenbrook's attorney fees reasonably incurred on appeal.

Dahls' motion to set aside the judgment without holding the requested hearing.